Jacob Chen, Esq.
Dai & Associates, P.C.
1500 Broadway, 2200
New York, NY 10036
(212) 730-8880
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MANUEL CHOVON

      Plaintiff

 -   against   -

MMMSG INC. d/b/a HIDECHAN RAMEN, RYUICHI
MUNEKATA, and HIDETO KAWAHARA

      Defendants.
------------------------------------------------------------------------x

Civil Action No.:
17-cv-5064

**COMPLAINT**

  Plaintiff Manuel Chovon, ("Mr. Chovon"), by and through his attorneys, Dai & Associates, P.C., hereby file this complaint against Defendants MMMSG Inc., d/b/a Hide Chan Ramen, Ryuichi Munekata, and Hideto Kawahara (collectively "Defendants") and allege the following:

### INTRODUCTION

  1. This is an action brought by Mr. Chovon alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), arising from Defendants' willful and unlawful employment policies and practice.

  2. Mr. Chovon alleges pursuant to the FLSA that he is entitled to recover (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest, and (4) attorneys' fees and costs.

3. Mr. Chovon further alleges pursuant to the NYLL, that he is entitled to recover (1) unpaid overtime compensation, (2) unpaid spread of hours due, (3) compensation for failure to provide wage notice at the time of hiring, (4) failure to provide conforming paystubs in violation of the NYLL, (5) liquidated damages, (6) prejudgment and post-judgment interest, and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), and has supplemental jurisdiction over NYLL claims under 28 U.S.C. § 1367(a).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because Defendants conduct business in this District, and the acts giving rise to the claims herein alleged took place in this District.

## PARTIES

6. Mr. Chovon is a resident of Brooklyn.

7. MMMSG, Inc. d/b/a Hide Chan Ramen (the "Company") operates a restaurant located at 248 East 52nd Street, 2nd Floor, New York, New York 10022.

8. Upon information and belief, Defendant Ryuichi Munekata ("Munekata") is a resident of the State of New York, and is an owner of the Company. Upon information and belief, Munekata exercised operational control over the Company, controlled significant business functions of the Company, determined employee salaires, made hiring decisions, and acted on behalf of an in the interest of the Company in devising, directing, implementing, and supervising the wage and hour practices and

policies relating to the employees. As such, at all relevant times, Munekata has been an employer under the FLSA and the NYLL.

9. Upon information and belief, Defendant Hideto Kawahara ("Kawahara") is a resident of the State of New York and is an owner of the Company. Upon information and belief, Defendant Kawahara exercised operational control over the Company, controlled significant business functions of the Company, determined employee salaries, made hiring decisions, and acted on behalf of an in the interest of the Company in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Kawahara has been an employer under the FLSA and the NYLL.

## STATEMENT OF FACTS

10. Mr. Chovon worked for the Company from November 2013 to the present time.

11. During this time Mr. Chovon worked as both a food preparer and a busboy.

12. Throughout his employment, Mr. Chovon generally worked approximately 60 to 70 hours a week.

13. At the beginning of his employment. Mr. Chovon was not provided notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by the NYLL.

14. Additionally for the first seven months of employment, the Company failed to provide Mr. Chovon with any paystubs during his pay periods.

15. Mr. Chovon did not begin receiving paystubs from the Company until May 2014.

16. From May 2014 through December 2015, Mr. Chovon generally received two paystubs every pay period.

17. The Company represented to Mr. Chovon that because he was a busboy and also a food preparer, he had two separate jobs at the Company and therefore provided him with two paystubs, one reflecting each job.

18. For the pay period from May 26, 2014 through June 1, 2014 for example, Mr. Chovon received one paystub for 44.25 hours, with 4.25 hours of overtime recorded and another paystub for 22 hours with 0 hours of overtime. Neither paystub contained any spread of hours.

19. Similarly, for the pay period from August 4, 2014 to August 10, 2014, Mr. Chovon received one paystub for 41.5 hours, with 1.5 hours of overtime, and another for 22 hours with 0 hours of overtime. Again neither paystub contained any spread of hours.

20. The Company continued this policy until December 2015.

21. After December 2015, the Company changed its payroll policies and began paying Mr. Chovon overtime and spread of hours going forward.

22. However the Company never retroactively paid Mr. Chovon for unpaid overtime or spread of hours from November 2013 through December 2015.

## STATEMENT OF CLAIM

### COUNT 1 [Violation of FLSA – Overtime]

23. Mr. Chovon repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

24. Defendants' intentional failure to pay Mr. Chovon one and a half his hourly rate of pay for hours Mr. Chovon worked in excess of 40 hours a week violates 29 U.S.C. § 201 *et. seq.*

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. Due to Defendants' FLSA violations, Mr. Chovon is entitled to recover from Defendants his unpaid wages, his unpaid minimum wages, his unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT 2 [Violation of NYLL – Overtime]

27. Mr. Chovon repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

28. Defendants willfully violated Mr. Chovon's rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay

for each hour worked in excess of forty hours in a workweek in violation of the NYLL and its regulations.

29. Due to the Defendants' NYLL violations, Mr. Chovon is entitled to recover from Defendants their unpaid wages, and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to NYLL § 663(1) et al.

### COUNT 3 [Violation of NYLL – Failure to Provide Wage Notice at the Time of Hiring]

30. Mr. Chovon repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

31. Defendants failed to furnish to the Mr. Chovon at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

32. Due to the Defendants' violation of the NYLL, § 195(1), Mr. Chovon is entitled to recover from the Defendants liquidated damages of $50.00 per workday that the

violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

### COUNT 4 [Violation of NYLL – New York Pay Stub Requirement]

33. Mr. Chovon re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

35. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Mr. Chovon, and did not provide the paystub that comply with the law on or after Mr. Chovon's payday.

36. Due to Defendants' violations of NYLL, Mr. Chovon is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to NYLL §198(1-d).

### COUNT 5 [New York State Spread of Hours Wage Violations]

37. Mr. Chovon repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

38. Defendants' failure to compensation Mr. Chovon an additional hour's pay every day Mr. Chovon worked more than ten hours violates NYLL §§ 190 *et seq.*, 650 *et seq.* and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

39. Due to Defendants' violations of NYLL, Mr. Chovon is entitled to recover from Defendants unpaid time with respect to failure to pay spread of hours and liquidated damages.

**WHEREFORE**, Mr. Chovon seeks judgment as follows:

a) awarding Mr. Chovon compensatory and liquidated damages plus interest on all causes of action;

b) awarding Mr. Chovon's attorneys' fees and costs;

c) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:   New York, New York
        July 6, 2017                  Respectfully Submitted,

                                        DAI & ASSOCIATES, P.C.

                                      By: /s/ Jacob Chen
                                          Jacob Chen
                                          *Attorneys for Plaintiff*
                                          1500 Broadway, Suite 2201
                                          New York, New York 10036
                                          (212) 730-8880